IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARCUS EVERETTE HARPER, | § | |
| (TDCJ-CID #692332) | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-15-0725 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND OPINION**

The petitioner, Marcus Everette Harper, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging two state-court convictions. Because Harper filed this suit too late, it must be dismissed.

A jury found Harper guilty of voluntary manslaughter (Cause Number 9411708) and delivery of cocaine (Cause Number 9409133). On August 25, 1994, he was sentenced to serve a 70-year prison term for the manslaughter conviction and a 60-year prison term for the cocaine conviction. The Fourteenth Court of Appeals of Texas affirmed Harper's convictions and sentences on February 27, 1997. Harper did not file a petition for discretionary review in the Texas Court of Criminal Appeals. *See* Texas Judiciary Website, http://www.cca.courts.state.tx.us/. On February 1, 2010, Harper filed applications for state habeas corpus relief, which the Texas Court of Criminal Appeals denied without written order on March 12, 2014.

On March 19, 2015, the federal court received Harper's federal petition. Harper contends that his conviction is void because the trial court abused its discretion and because he received ineffective assistance at trial and on appeal. (Docket Entry No. 1, Petition for Writ of Habeas Corpus, pp. 6-7).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), set a one-year statute of limitations for federal habeas corpus petitions filed after April 24, 1996. The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

A district court may raise the time limit on its own and dismiss a petition before answer if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999)

(quoting 28 U.S.C. foll. § 2254 Rule 4). In an order entered on May 11, 2015, this court directed Harper to file a written statement by June 16, 2015, showing why this court should not dismiss his petition as time-barred under 28 U.S.C. § 2244(d). (Docket Entry No. 6). Harper complied. (Docket Entry No. 10).

Harper's convictions became final when the time expired for filing a petition for discretionary review in the Texas Court of Criminal Appeals. The Fourteenth Court of Appeals affirmed Harper's convictions on February 27, 1997. Including the 30 days to file a petition for discretionary review, TEX. R. APP. P. 68.2(a), the one-year limitations period ended on March 27, 1998. Harper's state habeas applications did not extend the deadline.

The one-year statute of limitations can be equitably tolled, but only in cases presenting "rare and exceptional circumstances." *Davis v. Johnson,* 158 F.3d 806, 810-11 (5th Cir. 1998); *Felder v. Johnson,* 204 F.3d 168, 171-72 (5th Cir. 2000), *cert. denied,* 531 U.S. 1035 (2000). "'The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" *United States v. Patterson,* 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting *Davis,* 158 F.3d at 810). A habeas petitioner has the burden of proving that he is entitled to equitable tolling. *Phillips v. Donnelly,* 216 F.3d 508, 511 (5th Cir. 2000). "'Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines,* 96 F.3d 124, 128 (5th Cir. 1996)), *cert. denied,* 529 U.S. 1057 (2000); *see also Melancon v. Kaylo,* 259 F.3d 401, 408 (5th Cir. 2001).

Harper argues that he was proceeding pro se and that he lacked the requisite knowledge to file a federal petition. (Docket Entry No. 10). Neither "a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir.), *cert. denied,* 120 S. Ct. 504 (1999). "Equitable tolling is appropriate when, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim." *Fisher v. Johnson,* 174 F.3d 710, 715 n.14 (5th Cir. 1999). Harper's claims relate to his trial on August 25, 1994, and he has not shown that he did not know the factual predicate of his claims well within the limitations period. 28 U.S.C. § 2244(d)(1)(D).

Harper does not identify any other grounds for equitable tolling, and the record discloses none. *See, e.g., Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000) (confiscation of legal materials and an inadequate law library did not warrant equitable tolling when the alleged impediments to filing a federal petition were removed six months before limitations ended), *cert. denied,* 532 U.S. 963 (2001); *Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir.) (alleged inadequacies in prison law library and lack of notice of AEDPA's requirements did not warrant equitable tolling), *cert. denied,* 531 U.S. 1035 (2000); *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir.) (unfamiliarity with the legal process or lack of representation during the filing period did not merit equitable tolling), *cert. denied,* 528 U.S. 1007 (1999). The record does not indicate that any unconstitutional state action prevented Harper from filing an application for federal habeas relief before the limitations period ended. 28 U.S.C. § 2244(d)(1)(B). Harper's claims do not relate to a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C).

Harper's challenges to his 1994 convictions are dismissed as time-barred. This case is dismissed. Harper's motion to show why his petition should not be dismissed as barred by limitations, construed as a motion to file his response, (Docket Entry No. 10), is granted. Any remaining pending motions are denied as moot.

When, as here, the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability will not issue unless the prisoner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). The record provides no basis for this showing. This court will not issue a certificate of appealability.

SIGNED on August 26, 2015, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge